UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

DANIEL CHANG,
On behalf of himself and all other Plaintiffs
similarly situated known and unknown

        Plaintiff(s),

v.

1MJJET CORP. d/b/a SHANGHAI MONG,
TORA YI, JANE YI, EDDIE LEE, and
JOHN DOES Nos. 1-5,

        Defendant(s).

---

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff Daniel Chang (hereafter, "Plaintiff" or "Chang"), on behalf of himself and all others similarly situated, known and unknown (hereafter, the "Collective Plaintiffs"), through his attorneys, Rha & Kim, LLP, for his complaint against Defendants 1MJJET CORP. d/b/a Shanghai Mong, Tora Yi, Jane Yi, Eddie Lee, and John Does Nos. 1-5 (collectively, the "Defendants"), states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), and New York Labor Law ("NYLL") § 196-d. For a period of approximately nine (9) months, Plaintiff worked as a waiter in Defendants' restaurant, "Shanghai Mong," located in Koreatown (Manhattan). Towards the beginning of his employment, Plaintiff regularly worked twelve (12) hour shifts, three (3) days per week. However, towards the end of his employment, Plaintiff more often worked six (6) hour shifts, four (4) or five (5) days per week. At no time during his employment did Defendants pay Plaintiff regular wages, overtime wages, or a spread of hours premium. Defendants also withheld from Plaintiff the tips and/or gratuities that the

1

restaurant's customers left him for his waitering services.

## JURISDICTION AND VENUE

2.   This Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. This Court also has federal jurisdiction over this action pursuant to 28 U.S.C. §§ 1337 and 1343, and 29 U.S.C. § 216(b). Additionally, this Court has supplemental jurisdiction over the state law claims in this action, pursuant to 28 U.S.C. § 1367(a), insofar as said claims are so related to the claims with the original jurisdiction of this Court that they form part of the same case or controversy under Article III of the United States Constitution.

3.   Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b), insofar as the Defendants' restaurant, Shanghai Mong, is located in this District; the Defendants conduct business in this District; and a substantial part of the events and/or omissions giving rise to the claims herein occurred in this District.

## THE PARTIES

4.   Defendant 1MJJET CORP. is a New York corporation doing business as "Shanghai Mong," a restaurant located in Koreatown (Manhattan), at 30 West 32nd Street, New York, New York 10001, serving "Authentic Asian Cuisine." (*See* Shanghai Mong's web site, located at: www.shanghaimongnyc.com.)

5.   Defendant Tora Yi predominantly is a chef/owner at Shanghai Mong and 25% shareholder in Defendant 1MJJET CORP. d/b/a Shanghai Mong.

6.   Defendant Jane Yi predominantly is a manager/owner at Shanghai Mong and 25% shareholder in Defendant 1MJJET CORP. d/b/a Shanghai Mong.

7.   Defendant Eddie Lee predominantly is a supervisor/owner at Shanghai Mong and 50% shareholder in Defendant 1MJJET CORP. d/b/a Shanghai Mong.

8.   Defendants John Does Nos. 1-5 are currently unknown corporate, business, and/or partnership entities, and/or natural persons, with ownership interests in and/or to, either directly or indirectly, the restaurant known as "Shanghai Mong."

### Plaintiff Daniel Chang's Allegations

9.   Plaintiff Daniel Chang was at all relevant times hereto an employee of Defendants.

10.   Plaintiff Daniel Chang was at all relevant times hereto employed in the State of New York by Defendants.

11.   Plaintiff Daniel Chang at all relevant times hereto resided within the State of New York.

12.   Plaintiff Daniel Chang was at all relevant times hereto a non-exempt employee within the meaning of the FLSA and NYLL, and the implementing rules and regulations of the FLSA and NYLL.

13.   For a period of approximately nine (9) months, from on or about December 4, 2017, until on or about September 10, 2018, Plaintiff Daniel Chang regularly and customarily at the specific instructions and demand of Defendant Tora Yi and Defendant Jane Yi actually performed work for Defendants at and/or for Defendants' restaurant Shanghai Mong in excess of ten (10) hours per day.

14.   Plaintiff Daniel Chang performed said waitering work for Defendants in excess of ten (10) hours per day as an express condition of his continued employment.

15.   During the time of his employment, Plaintiff Daniel Chang and other employees of the restaurant, including but not limited to the restaurant's waitstaff, were frequently left and/or given tips and/or gratuities by the restaurant's customers.

16.   Plaintiff Daniel Chang rarely received and/or was permitted to keep any of the tips

and/or gratuities that the restaurant's customers left and/or gave him and/or the other waitering staff for his and/or their waitering services.

17. Plaintiff Daniel Chang is filing this complaint as an individual action for himself, and on behalf of all employees similarly situated within the definition of the FLSA.

### Allegations Common to Collective Plaintiffs

18. The Collective Plaintiffs were employed as waiters or waitresses by the Defendants in the Defendants' restaurant, Shanghai Mong.

19. The Collective Plaintiffs were at all relevant times hereto employed in the State of New York by the Defendants.

20. The Collective Plaintiffs were at all relevant times hereto non-exempt employees within the meaning of the FLSA and NYLL, and the implementing rules and regulations of the FLSA and NYLL.

21. Defendants had the power to hire and/or fire employees, including but not limited to the restaurant waitstaff.

22. Defendant Tora Yi and Defendant Jane Yi hired each and every one of the Collective Plaintiffs.

23. Upon information and belief, Defendant Tora Yi's and Defendant Jane Yi's hiring and/or firing decisions were supervised and/or ratified, either affirmatively or by omission, by Defendant Eddie Lee.

24. Upon information and belief, Defendant Tora Yi's and Defendant Jane Yi's decision to hire each and every one of the Collective Plaintiffs was supervised and/or ratified, either affirmatively or by omission, by Defendant Eddie Lee.

25. Defendant Tora Yi and Defendant Jane Yi exercised day-to-day control over the

operations of Shanghai Mong, including but not limited to the restaurant's waitstaff.

26. Defendant Tora Yi and Defendant Jane Yi exercised day-to-day control over the Collective Plaintiffs as waiters or waitresses of Shanghai Mong.

27. Upon information and belief, Defendant Tora Yi's and Defendant Jane Yi's exercise of day-to-day control over the operations of Shanghai Mong, including but not limited to the restaurant's waitstaff, was supervised and/or ratified, either affirmatively or by omission, by Defendant Eddie Lee.

28. Upon information and belief, Defendant Tora Yi's and Defendant Jane Yi's exercise of day-to-day control over the Collective Plaintiffs as waiters or waitresses of Shanghai Mong, was supervised and/or ratified, either affirmatively or by omission, by Defendant Eddie Lee.

29. Defendant Tora Yi and Defendant Jane Yi supervised and/or controlled the restaurant's employees work schedules and/or conditions of employment, including but not limited to the restaurant's waitstaff.

30. Upon information and belief, Defendant Tora Yi's and Defendant Jane Yi's supervision and/or control over the restaurant's employees' work schedules and/or conditions of employment, including but not limited to the restaurant's waitstaff, was supervised and/or ratified, either affirmatively or by omission, by Defendant Eddie Lee.

31. Defendant Tora Yi and Defendant Jane Yi supervised and/or controlled the Collective Plaintiffs' work schedules and/or conditions of employment.

32. Upon information and belief, Defendant Tora Yi's and Defendant Jane Yi's supervision and/or control over the Collective Plaintiffs' work schedules and/or conditions of employment was supervised and/or ratified, either affirmatively or by omission, by Defendant

Eddie Lee.

33. Defendant Tora Yi and Defendant Jane Yi determined the rates of pay and methods of payment for the restaurant's employees, including but not limited to the restaurant's waitstaff.

34. Defendant Tora Yi and Defendant Jane Yi determined the rates of pay and methods of payment for the Collective Plaintiffs.

35. Upon information and belief, Defendant Tora Yi's and Defendant Jane Yi's determination of the rates of pay and methods of payment for the restaurant's employees, including but not limited to the restaurant's waitstaff, was supervised and/or ratified, either affirmatively or by omission, by Defendant Eddie Lee.

36. Upon information and belief, Defendant Tora Yi's and Defendant Jane Yi's determination of the rates of pay and methods of payment for the Collective Plaintiffs, was supervised and/or ratified, either affirmatively or by omission, by Defendant Eddie Lee.

37. The restaurant's employees, including but not limited to the restaurant's waitstaff, regularly and customarily at the specific instructions and demand of Defendant Tora Yi and Defendant Jane Yi actually performed work for Defendants at and/or for Defendants' restaurant Shanghai Mong in excess of ten (10) hours per day.

38. Collective Plaintiffs regularly and customarily at the specific instructions and demand of Defendant Tora Yi and Defendant Jane Yi actually performed work for Defendants at and/or for Defendants' restaurant Shanghai Mong in excess of ten (10) hours per day.

39. Collective Plaintiffs performed said work in excess of ten (10) hours per day as an express condition of their continued employment.

40. Upon information and belief, said instructions and demands of Defendant Tora Yi and Defendant Jane Yi, and said conditions of employment, were supervised and/or ratified, either

6

affirmatively or by omission, by Defendant Eddie Lee.

41. Defendant Tora Yi and Defendant Jane Yi determined the rates of pay and methods of payment for the restaurant's employees, including but not limited to the restaurant's waitstaff.

42. Defendant Tora Yi and Defendant Jane Yi determined the rates of pay and methods of payment for the Collective Plaintiffs.

43. Upon information and belief, Defendant Tora Yi's and Defendant Jane Yi's determination of the rates of pay and methods of payment for the restaurant's employees, including but not limited to the restaurant's waitstaff, was supervised and/or ratified, either affirmatively or by omission, by Defendant Eddie Lee.

44. Upon information and belief, Defendant Tora Yi's and Defendant Jane Yi's determination of the rates of pay and methods of payment for the Collective Plaintiffs was supervised and/or ratified, either affirmatively or by omission, by Defendant Eddie Lee.

45. Defendants' employees, including but not limited to the restaurant's waitstaff, were not paid the proper amount of wages for the number of hours worked for the Defendants.

46. The Collective Plaintiffs were not paid the proper amount of wages for the number of hours worked for the Defendants.

47. During the time of their employment, the Collective Plaintiffs were frequently left and/or given tips and/or gratuities by the restaurant's customers.

48. The Collective Plaintiffs rarely received and/or were permitted to keep any of the tips and/or gratuities that the restaurant's customers left and/or gave them for their waitering services.

49. The Collective Plaintiffs performed work and/or manual labor for Defendants.

50. The Collective Plaintiffs were assigned to said work and/or manual labor by Defendant Tora Yi and Defendant Jane Yi.

51. Defendant Tora Yi and Defendant Jane Yi told Plaintiffs what work to do, when to do it, and where to do it.

52. Upon information and belief, Defendant Tora Yi's and Defendant Jane Yi's assignments of work and/or manual labor to the Collective Plaintiffs were supervised and/or ratified, either affirmatively or by omission, by Defendant Eddie Lee.

53. The Collective Plaintiffs were not required to possess any specialized skills in order to do the assigned work and/or manual labor for the Defendants.

54. The Collective Plaintiffs did not have to supply their own tools and/or equipment in connection with their assigned work and/or manual labor for the Defendants.

55. Defendants provided the tools and/or equipment required for the Collective Plaintiffs to do their assigned work and/or manual labor for the Defendants.

56. The Collective Plaintiffs were required to report to work at Shanghai Mong at a certain time set by Defendants.

57. The Collective Plaintiffs could not set their own hours of work for the Defendants.

58. Defendants had the power and authority to discipline Plaintiffs.

59. Defendants held out the Collective Plaintiffs as their employees.

60. Defendants employed and paid the Collective Plaintiffs as their employees.

61. Defendants' failure to properly pay the Collective Plaintiffs their regular, overtime, and spread of hours wages was intentional and willful.

62. Defendants' failure to properly pay the Collective Plaintiffs the tips and/or gratuities that the restaurant's customers left and/or gave them was intentional and willful.

63. No exemption from paying regular, overtime, and spread of hours wages applied to the Collective Plaintiffs' employment with the Defendants.

64. No exemption from paying tips and/or gratuities left for and/or given the Collective Plaintiffs by the restaurant's customers applied to the Collective Plaintiffs' employment with the Defendants.

65. Defendants never obtained legal advice or counsel that their employment practices and/or policies were compliant with state and federal wage-hour laws.

66. Defendants never obtained legal advice or counsel that their employment practices and/or policies were compliant with state and federal tips and/or gratuities laws.

67. Defendants never obtained any written guidance from the United States Department of Labor concerning their wage-hour and/or tips and/or gratuities practices and policies.

68. Defendants failed to pay the Collective Plaintiffs regular, overtime, and spread of hours wages for all hours worked.

69. Defendants' failure to pay the Collective Plaintiffs' regular, overtime, and spread of hours wages for all hours worked was intentional and willful.

70. Defendants failed to pay the Collective Plaintiffs all tips and/or gratuities left and/or given them by the restaurant's customers.

71. Defendants' failure to pay the Collective Plaintiffs all tips and/or gratuities left and/or given them by the restaurant's customers was intentional and willful.

## FACTS COMMON TO THE COLLECTIVE PLAINTIFFS

72. At all relevant times herein, Defendants' restaurant, Shanghai Mong, was an "enterprise engaged in commerce or in the production of goods in commerce" insofar as the restaurant "ha[d] employees engaged in commerce or in the production of goods for commerce, or

that ha[d] employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person," pursuant to 29 U.S.C. § 203(s)(1)(A)(i).

73. At all relevant times herein, Defendants' restaurant, Shanghai Mong, was an "enterprise engaged in commerce or in the production of goods in commerce" insofar as the restaurant "[wa]s an enterprise whose annual gross volume of sales made or business done [wa]s not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)," pursuant to 29 U.S.C. § 203(s)(1)(A)(ii).

74. At all relevant times herein, Defendants' restaurant, Shanghai Mong, was located at 30 West 32nd Street, New York, New York 10001, in Koreatown (Manhattan), a mere 12-13 blocks from Grand Central Station, and a mere 10-11 blocks from Times Square.

## FACTS SPECIFIC TO PLAINTIFF DANIEL CHANG

75. The restaurant's hours of operation at all relevant times herein were open 24 hours per day, Monday through Sunday.

76. On or about December 4, 2017, Defendants hired Plaintiff Daniel Chang to work as a waiter in their restaurant, Shanghai Mong.

77. Chang worked for Defendants until on or about September 10, 2018.

78. Towards the beginning of his employment, Chang regularly worked twelve (12) hour shifts, three (3) days per week, from 9:30 a.m. to 9:30 p.m.

79. Towards the end of his employment, however, Chang more often worked five and a half (5½) and/or six and a half (6½) hour shifts, four (4) or five (5) days per week, from either 9:30 a.m. to 4:00 p.m., or 4:00 p.m. to 9:30 p.m.

80. Sometimes, however, Chang worked as late as 10:00 p.m. or 11:00 p.m. On Mondays, Chang usually worked from 9:30 a.m. to 6:00 p.m.

81. Defendants compensated Chang a flat rate of two hundred dollars ($200) per day for working the twelve (12) hour shifts, and approximately one hundred dollars ($100) per day for working the less than twelve (12) hour shifts.

82. Towards the beginning of his employment, Chang was paid for these shifts entirely in cash.

83. Towards the end of his employment, however, Chang was paid for these shifts partly in cash and partly by check.

84. There was never any agreement that the flat rates that the Defendants paid Chang for his shifts were intended to cover his overtime and/or spread of hours compensation.

85. Additionally, Shanghai Mong customers regularly left and/or gave Chang tips and/or gratuities for his waitering services.

86. When Shanghai Mong customers left and/or gave cash tips and/or gratuities for Chang, they were immediately collected by Defendants and/or their agents and put into a general "pooled" tip jar. Whenever the Defendants and/or their agents were not all available, all the waiters and waitresses were expected to bring the cash tips and/or gratuities that were left at their tables and place them inside the "pooled" tip jar. However, these "pooled" cash tips and/or gratuities were rarely if ever distributed to Chang and/or the Collective Plaintiffs comprising the Shanghai Mong waitstaff.

87. Upon information and belief, most if not all of said cash tips and/or gratuities were retained by Defendant Tora Yi and Defendant Jane Yi.

88. Moreover, none of the tips and/or gratuities that Shanghai Mong customers left and/or gave Chang on their credit and/or charge cards were ever distributed to Chang and/or the Collective Plaintiffs comprising the Shanghai Mong waitstaff.

89. Upon information and belief, all of said credit and/or charge card tips and/or gratuities were retained by Defendant Tora Yi and Defendant Jane Yi.

90. Upon further information and belief, Defendant Tora Yi's and Defendant Jane Yi's retention of all tips and/or gratuities rightfully belonging to Chang and/or the Collective Plaintiffs comprising the Shanghai Mong waitstaff was supervised and/or ratified, either affirmatively or by omission, by Defendant Eddie Lee.

91. There was never any notice or agreement that the tips and/or gratuities left and/or given Chang and/or the Collective Plaintiffs comprising the Shanghai Mong waitstaff by Shanghai Mong customers would be credited against Chang's daily flat rate compensation.

92. Defendants knew that the nonpayment of regular wages, nonpayment of overtime wages, nonpayment of the spread of hours wages, and the improper retention of Chang's tips and/or gratuities would economically injure Chang and violate federal and/or state laws.

93. Defendants committed the illegal acts alleged herein knowingly, intentionally, and willfully.

**FIRST CLAIM FOR RELIEF**
**Illegal Misappropriation of Tips and/or Gratuities, 29 U.S.C. § 203(m)(2)(B)**
**(Brought on Behalf of Plaintiff Daniel Chang and the Collective Plaintiffs)**

94. Plaintiff Daniel Chang and the Collective Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

95. Defendants retained all, or part, of Plaintiff Daniel Chang and the Collective Plaintiffs' tips and/or gratuities left and/or given him/them by Shanghai Mong's customers for his/their waitering services.

96. As a result of Defendants' willful and unlawful conduct, Plaintiff Daniel Chang and the Collective Plaintiffs has/have sustained damages, including loss of earnings, in an amount to

be determined at trial, plus liquidated damages, prejudgment interest, costs, and attorney's fees, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
### Illegal Misappropriation of Tips and/or Gratuities, New York Labor Law § 196-d
### (Brought on Behalf of Plaintiff Daniel Chang and the Collective Plaintiffs)

97. Plaintiff Daniel Chang and the Collective Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

98. Defendants misappropriated all, or part, of Plaintiff Daniel Chang and the Collective Plaintiffs' tips and/or gratuities left and/or given him/them by Shanghai Mong's customers for his/their waitering services.

99. As a result of Defendants' willful and unlawful conduct, Plaintiff Daniel Chang and the Collective Plaintiffs has/have sustained damages, including loss of earnings, in an amount to be determined at trial, plus liquidated damages, prejudgment interest, costs, and attorney's fees, pursuant to NYLL § 663.

## THIRD CLAIM FOR RELIEF
### New York Spread of Hours Provisions, New York Labor Law § 650 *et seq.*
### (Brought on Behalf of Plaintiff Daniel Chang and the Collective Plaintiffs)

100. Plaintiff Daniel Chang and the Collective Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

101. For much of his/their employment, Plaintiff Daniel Chang's and the Collective Plaintiffs' regular workday lasted longer than ten (10) hours.

102. Defendants willfully and intentionally failed to compensate Plaintiff Daniel Chang and the Collective Plaintiffs one (1) hour's pay at the New York minimum hourly wage rate for such workdays, as required by New York law.

103. As a result of Defendants' willful and unlawful conduct, Plaintiff Daniel Chang and the Collective Plaintiffs has/have sustained damages, including loss of earnings, in an amount to be determined at trial, plus liquidated damages, prejudgment interest, costs, and attorney's fees, pursuant to NYLL § 663.

## FOURTH CLAIM FOR RELIEF
### Failure to Provide Time of Hire Wage Notice, New York Labor Law § 195-1(a)
### (Brought on Behalf of Plaintiff Daniel Chang and the Collective Plaintiffs)

104. Plaintiff Daniel Chang and the Collective Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

105. Defendants failed to provide Plaintiff Daniel Chang and the Collective Plaintiffs at the time of hiring a notice containing information regarding the employer's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage. Including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; and other requisite information.

106. Defendants intentionally failed to provide notice to Plaintiff Daniel Chang and the Collective Plaintiffs in violation of NYLL § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle, and rate of overtime on their first day of employment.

107. Defendants also failed to provide said notice to Plaintiff Daniel Chang and the Collective Plaintiffs at any time during his/their employment.

108. Due to Defendants' violations, Plaintiff Daniel Chang and the Collective Plaintiffs are entitled to recover from Defendants, jointly and severally, fifty dollars ($50) for each workday

that the violation occurred or continued to occur, up to five thousand dollars ($5,000), together with costs and attorney's fees, pursuant to NYLL § 198(1-b).

## FIFTH CLAIM FOR RELIEF
### Failure to Provide Pay Stubs, New York Labor Law § 195-3
**(Brought on Behalf of Plaintiff Daniel Chang and the Collective Plaintiffs)**

109. Plaintiff Daniel Chang and the Collective Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

110. Defendants failed to provide Plaintiff Daniel Chang and the Collective Plaintiffs with a statement with every payment of wages listing the dates of work covered by that payment of wages; name of the employee; name of the employer; address and phone number of employer; rate or rates of pay and basis thereof; whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in accordance with NYLL § 195-3.

111. Defendants intentionally failed to provide said statements to Plaintiff Daniel Chang and the Collective Plaintiffs, in violation of NYLL § 195-3.

112. Due to Defendants' violations, Plaintiff Daniel Chang and the Collective Plaintiffs are entitled to recover from Defendants jointly and severally, two hundred fifty dollars ($250) for each work day that the violations occurred, up to five thousand dollars ($5,000), together with costs and attorney's fees, pursuant to NYLL § 198(1-d).

## DEMAND FOR JURY TRIAL

Plaintiff Daniel Chang and the Collective Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which he/they has/have a right to jury trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Daniel Chang, on behalf of himself and the Collective Plaintiffs, prays for relief as follows:

A. An order authorizing Plaintiff Daniel Chang at the earliest possible time to give notice of this collective action, or that the Court issues such notice, to all persons who are presently, or who have been employed by Defendants at Defendants' restaurant Shanghai Mong as waiters or waitresses. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation, overtime, spread of hours wages, and the tips and/or gratuities left them by the restaurant's customers;

B. Certification of this case as a collective action pursuant to the FLSA;

C. Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class apprising them of the pendency of this action, and permitting them to timely assert their FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

D. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

E. An injunction against Defendants, their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices and policies set forth herein;

F. An award of damages, to be determined at trial, including unpaid wages, unpaid overtime compensation, unpaid spread of hours premium, disgorgement of

misappropriated tips and/or gratuities, and liquidated damages, to be paid by Defendants;

G. Penalties available under applicable laws;

H. Costs of the action incurred herein, including expert fees;

I. Attorney's fees, including fees pursuant to 29 U.S.C. § 201 *et seq.*, NYLL § 663, and other applicable statutes;

J. Prejudgment and post judgment interest, as provided by law;

K. An order providing that if any amounts remain unpaid upon the expiration of ninety (90) days following the issuance of judgment, or ninety (90) days of the time to appeal and no appeal is then pending, whichever is later, the total amount of the judgment shall automatically increase fifteen percent (15%), as required by NYLL § 198(4); and

L. Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Queens, New York
February 11, 2019

RHA & KIM, LLP

By: _____
Dean M. Solomon, Esq. (DS3699)
215-45 Northern Blvd., Suite 200
Bayside, New York 11361
Telephone: (718) 321-9797
Facsimile: (718) 321-9799
Email: dsolomon@rhakimlaw.com
*Attorneys for Plaintiff Daniel Chang*